## POLACSEK v. MANHATTAN RY. CO.

(Supreme Court, Appellate Term. June 22, 1903.)

1. RAILROADS—ENGINE SETTING FIRE—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.
    Evidence in an action for damages from a fire caused by sparks from
    defendant's engine, which burned an awning and some signs, held in-
    sufficient to show negligence in defendant.

Appeal from Municipal Court, Borough of Manhattan.

Action by Leo Polacsek against the Manhattan Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Charles A. Gardiner (Merrill W. Gallaway and I. Townsend Burden, Jr., of counsel), for appellant.

Goldfogle, Cohn & Lind, for respondent.

FREEDMAN, P. J. This action is one for damages to personal property, arising out of the following circumstances: The plaintiff's son testified that a shower of sparks from the funnel of one of the defendant's engines fell on the plaintiff's awning, setting it on fire. This fire extended to some signs over the awning, and to a wooden figure below it. Plaintiff claims $69.50 damages, and recovered a judgment.

The evidence does not disclose from which of the defendant's engines the sparks fell, nor were any of the plaintiff's witnesses able to identify the engine. We fail to see how or in what respect the defendant was shown to be negligent. The defendant proved that all of its engines were equipped with the most modern and best appliances known for averting sparks and cinders, and that on the morning in question all the engines used on the line where the awning was burned were carefully inspected, and found to be in good condition. Stress is laid by the respondent upon the testimony of an expert witness called by the defendant, to the effect that, if sparks of the size shown by plaintiff's witness to have been emitted from

the engine were emitted, the engine could not have been in order; but the witness also testified that such emission of sparks would show not only that the engine could not have been in order, but that, under the system of inspection adopted and in force by the defendant, it would show that such engine got out of order in transit from the terminal to the point where the sparks came forth. The case of Flynn v. N. Y. C. R. Co., 142 N. Y. 11, 36 N. E. 1046, is decisive of this case.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.